## PARROT SPEED FASTENER CORPORATION v. COE, Com'r of Patents.

### Civil Action No. 20215.

District Court of the United States for the District of Columbia.

July 6, 1944.

Charles M. Palmer, of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. U. S. Patent Office, of Washington, D. C., for defendant.

BAILEY, Justice.

This is an action under Section 4915, R. S., U.S.C.A., title 35, § 63, in which plaintiff seeks a judgment that it is lawfully entitled to the registration in the Patent Office of certain trade-marks as applied for in applications Nos. 420,154, 420,155, 420,156, 434,814, 434,815 and 434,816. The marks in question and the goods to which plaintiff applies them are set forth in the following table:

| Application No. | Mark | Goods |
|---|---|---|
| 420,154 | Speed-King | Stapling Machines, tackers, pliers. |
| 420,155 | Speedline | "　　　"　　　"　　　" |
| 420,156 | Speedmaster | "　　　"　　　"　　　" |
| 434,814 | Speedking | Machine staples. |
| 434,815 | Speedline | "　　　" |
| 434,816 | Speedmatic | "　　　" |

While plaintiff's applications were pending in the Patent Office, they were opposed (U.S.C.A., title 15, § 86) by C. Howard Hunt Pen Co. on the basis of its own prior registration, as follows:

It is true that the plaintiff's goods are of the kind that are used for fastening paper and other materials together, and that Hunt's goods are materials used in writing on paper, but I cannot see that the plain-

| Registration No. | Mark | Goods |
|---|---|---|
| 144,233 | Speed-Ball | Metallic Pen Points. |
| 222,549 | "Speedball" | Lettering, Writing and Drawing Ink. |
| 307,572 | Speedball | Text Books, including Plates and Instruction sheets. |
| 345,808 | Speed Cutters | Pencil Sharpening Machines. |

It was stipulated by the parties to the opposition proceedings that the opposer C. Howard Hunt Pen Co. had continuously used its marks since the dates of first use alleged in the applications for its registration.

These dates are prior to any date of use alleged by plaintiff.

It was also stipulated by the parties to the opposition, as follows:

(a) That the sole issue here is whether the trademarks of applicant and its successor herein used on its goods as specified in its applications herein are confusingly similar to the registered marks of opposer set up in its notices of opposition and used on its goods specified in its registrations of record herein.

■ If the goods of plaintiff and the goods of Hunt are of the same descriptive properties, within the meaning of the law, and if the marks which plaintiff seeks to have registered are so nearly similar to the marks registered to Hunt as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers, then plaintiff is not entitled to have its marks registered (U.S.C.A., title 15, § 85).

This was the ground on which the Patent Office refused to register the marks to plaintiff.

tiff's and Hunt's goods are of the same descriptive properties. Both plaintiff and Hunt, in their respective trade-marks, use the word "Speed," but only as part of words which differ materially between the two.

■ The cases cited by the defendant, where the same trade-mark is used by both parties, are not in point. The material question is whether the purchasing public will be led to believe that the same person or company that manufactured the goods of the plaintiff is the same person that manufactured the goods of the opposer. The trade-marks of the two manufacturers, while all contain the word "Speed", are different and the goods are not of the same descriptive character.

The defendant has held that the use of the word "Speed" in continuation with other syllables in the plaintiff's trade-mark is not descriptive.

It seems that the defendant has registered the plaintiff's trade-mark Speedmatic for use on stapling machines, but refuses to register plaintiff's same trade-mark as applied to the staples for use in plaintiff's stapling machines. While this inconsistency is not conclusive of plaintiff's right to a trade-mark, it is evidence of expert opinion in the Patent Office.

The plaintiff is entitled to registration of these trade-marks.